# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00040 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRAVIS DELL JONES**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Paul G. Beers, Glenn, Feldmann, Darby & Goodlatte, Roanoke, Virginia, for Defendant.*

After considering the defendant's motion to suppress his confession, I find that he was not in custody when he made the incriminating statements and was therefore not entitled to *Miranda* warnings, that he did not secure a use immunity agreement covering the confession, and that his argument to suppress based on ineffective assistance of his state court counsel fails.

# I

The defendant, Travis Dell Jones, is charged with conspiracy to possess with intent to distribute crack and powder cocaine.[1]  Jones moves to suppress a confession he made to state and federal law enforcement officers prior to his federal indictment. After an evidentiary hearing on this motion, I make the following findings of fact.

In March of 2008, Jones was being held without bond at the Bristol, Virginia, City Jail, after being charged in the Circuit Court of the City of Bristol with distribution of crack cocaine.  David Harmon, a local attorney, was appointed by the state court to represent him.  Harmon has been practicing law since 1989 and has considerable prior experience in criminal cases in both state and federal courts.

Through Harmon, the state prosecutor offered a plea agreement to Jones. Before accepting it, Jones advised his attorney that he would be willing to provide the prosecution with information about his source for the illegal drugs that he had been distributing, with the hope that this information would help him negotiate a better plea agreement.

---

[1] An original indictment was issued on April 21, 2008, against Jones and other defendants.  Due to a violation of the Interstate Agreement on Detainers Act, the original indictment was dismissed as to Jones without prejudice. *United States v. Jones*, No. 1:08CR00024-51, 2008 WL 4279963 (W.D. Va. Sept. 12, 2008).  The United States obtained a new indictment against the defendant on September 24.

Harmon approached the prosecutor and told him that his client was interested in assisting the State. The prosecutor referred Harmon to one of his assistants, Kimberly Loucks. On March 24, 2008, at Harmon's request, Harmon and Jones met with Loucks and two Bristol police officers. Todd Brewer, a federal DEA agent, was also present. They met in the jail's chapel/library, a room approximately twenty feet by twenty feet. Jones was not handcuffed or shackled and knew that he was free to end the meeting at any time.

Jones was asked questions about his drug activities by the law enforcement officers, including Brewer, and Jones made incriminating statements concerning his own distribution of crack cocaine. The meeting lasted from thirty minutes to one hour. At the end of the meeting, the officers advised Harmon that Jones' information was not useful to them. A few days later, Jones entered a guilty plea to the state charge pursuant to a written plea agreement. Soon afterwards, Jones was indicted in this court for conspiracy to possess with intent to distribute crack and powder cocaine.

There was no agreement, oral or written, by the state prosecutor or any of the law enforcement officers present that Jones would have immunity against the use of any of the statements made by him at the meeting. While the assistant prosecutor (and perhaps the prosecutor himself) had not prosecuted a defendant like Jones based

on incriminating statements made at a similar meeting, their office did not have a policy, informal or otherwise, of immunizing a defendant from such statements.

Harmon did not warn Jones prior to the meeting that there was any risk that his incriminating statements could be used against him. He told him only to tell the truth because the prosecutor would be unlikely to help him if he lied. Harmon did not discuss the *Miranda* rights with Jones, and no one at the meeting advised Jones of his *Miranda* rights prior to asking any questions.

Harmon did not confirm the ground rules for the meeting, although he should have done so. While he expected that Jones' incriminating statements would not be later used against him, he had no assurances in that regard, other than his prior experience that defendants in similar situations had not been prosecuted. He had never been expressly assured of such immunity by any prosecutor, whether in Bristol or in any of the other nearby state jurisdictions where he regularly practiced.

Harmon knew that a separate federal prosecution for drug trafficking was possible in Jones' case, and he knew that Brewer, the DEA agent, was a federal agent. In fact, he admits that he was concerned about Brewer's presence at the meeting, but decided to proceed anyway.

Based on the lack of agreement as to the possible use of Jones' incriminating statements, Harmon should have advised Jones of the risks involved in truthfully answering the officers' questions, but did not do so.

No threats or promises were made by the law enforcement officers in connection with Jones' incriminating statements.

II

Jones now makes three arguments as to why his incriminating statements at the March 24, 2008, meeting should be suppressed at his upcoming trial in this court: (1) that the government violated his rights under the Fifth Amendment in failing to advise him of his *Miranda* rights; (2) that he had an implied use immunity agreement that should be enforced; and (3) that his confession was not voluntary, because it was the result of ineffective assistance of counsel. These issues have been fully argued and are ripe for decision.

A

The defendant first argues that the government's failure to advise him of his *Miranda* rights requires suppression of his incriminating statements. A person subjected to custodial interrogation is entitled to the procedural safeguards prescribed by *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). For purposes of *Miranda*,

"custody" exists in any circumstance where there is a formal arrest or where a reasonable person would perceive restraints on his "freedom of movement of the degree associated with a formal arrest." *Thompson v. Keohane*, 516 U.S. 99, 112 (1995) (internal citations omitted).

Because this definition of "custody" is of limited utility in a jail or prison setting where an individual may constantly endure restraints comparable to formal arrest, an inmate is only "in custody" for *Miranda* purposes if restraints create a change in the inmate's surroundings which lead to additional constraints on his freedom of movement. *See United States v. Conley*, 779 F.2d 970, 973 (4th Cir. 1985). In an interrogation situation, the degree of constraints, and therefore the presence or absence of custody, are reflected by factors such as the language used to summon the individual, the physical surroundings of the interrogation, the primary purposes for which the questioning was initiated, the nature of the interaction, the standard degree of restraints normally present in the prison facility, and the use of any additional pressure to detain the inmate in the situation. *See id.* at 973-74; *Cervantes v. Walker*, 589 F.2d 424, 428 (9th Cir. 1978).

While there is conflicting authority as to the necessity of advising a defendant of his *Miranda* rights when, as here, the defendant's attorney is present during the

questioning,[2] it is not necessary to decide that question here. *Miranda* warnings were not required because Jones was not subjected to a custodial interrogation. During the questioning on March 24, Jones initiated the meeting through his counsel, and he knew he was free to end the meeting at any time; the meeting was held in the jail's chapel/library, a non-threatening location; the purpose of the meeting was for Jones to reveal incriminating information about other individuals to secure leniency in his own state prosecution, not to extract self-incriminating statements; Jones was not handcuffed or subject to any other physical restraint; and no threats or promises were made by the law enforcement officers in connection with Jones' incriminating statements. Considering all of these factors and the overall nature of the interaction, it is clear that Jones was not "in custody" for *Miranda* purposes and therefore, the law enforcement agents present were not required to issue *Miranda* warnings prior to questioning.

---

[2] *Compare Frohmann v. United States*, 380 F.2d 832, 836 (8th Cir. 1967); *State v. Vos*, 164 P.3d 1258, 1263 (Utah Ct. App. 2007); *People v. Mounts*, 784 P.2d 792, 795-96 (Colo. 1990); *Smith v. State*, 832 So. 2d 92, 98 (Ala. Crim. App. 2001); *State v. Bethel*, 854 N.E.2d 150, 169 (Ohio 2006) *with Sweeney v. Carter*, 361 F.3d 327, 331 (7th Cir. 2004) ("No authority of which we are aware holds that a suspect's discussions with defense counsel can double for the usual warnings given by law enforcement officers . . . ."); *State v. DeWeese*, 582 S.E.2d 786, 795 (W. Va. 2003); *State v. Joseph*, 128 P.3d 795, 810-11 (Haw. 2006).

B

The defendant also argues that there was an implied agreement that he would have immunity against the use of any of the statements made by him at the March 24 meeting. This argument fails because there was no such agreement, oral or written. Although Harmon, Jones' counsel, expected that Jones' incriminating statements would not be later used against him, he had no reasonable basis for that expectation.

C

Finally, the defendant argues that his incriminating statements were not voluntary because they were the result of the ineffective assistance of his counsel. The defendant relies on *Sweeney v. Carter*, 361 F.3d 327, 334 (7th Cir. 2004), where the Seventh Circuit considered whether a state court murder conviction should be overturned where incriminating information arose because the defendant's counsel was negligent during plea negotiations regarding a related federal charge. The court in *Sweeney* noted that the Supreme Court had considered the effect of allegedly ineffective assistance of counsel on the voluntariness of a guilty plea, *see Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985), but concluded that there was no clearly established Supreme Court precedent applying *Strickland v. Washington*, 466 U.S. 668 (1984), where the defendant's right to counsel arose under the Fifth Amendment.

I need not decide whether the *Strickland* standard applies in this case because Jones cannot have a right to effective assistance of counsel where he has no right to counsel at all. His Fifth Amendment right to counsel did not apply during the March 24 meeting because he was not subject to custodial interrogation. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). His Sixth Amendment right to counsel, which is offense-specific, applied only with respect to his pending state prosecution, not to this federal prosecution which had not yet commenced. *United States v. Gouveia*, 467 U.S. 180, 187-88 (1984); *United States v. Payne*, 954 F.2d 199, 203-04 (4th Cir. 1992); *see also Maine v. Moulton*, 474 U.S. 159, 180 n.16 (1985) ("Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses.").

The defendant argues that his confession was not voluntary under the standard in 18 U.S.C.A. § 3501(b) (West 2000) because he did not have effective assistance of counsel and was therefore "without the assistance of counsel when questioned and when giving such confession." § 3501(b)(5). This argument fails for two reasons. First, § 3501 was found to be unconstitutional and preempted in *Dickerson v. United States*, 530 U.S. 428 (2000), because it purports to allow the admission of voluntary confessions even where constitutionally required *Miranda* warnings are not given. Second, the "voluntariness" standard, which was codified in § 3501 but still exists as

- 9 -

Case 1:08-cr-00040-JPJ   Document 64   Filed 12/10/08   Page 9 of 10   Pageid#: 212

a constitutional requirement for the admission of a confession separate and apart from *Miranda*, is a totality of the circumstances test—no one factor is determinative. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *Reck v. Pate*, 367 U.S. 433, 440 (1961) ("[A]ll the circumstances attendant upon the confession must be taken into account"). Considering the overall conditions of the meeting on March 24 and the characteristics of this particular defendant, I find that although his counsel was negligent, Jones was not coerced by government authorities, his will was not "overborne," *Schneckloth*, 412 U.S. at 226, and his confession was voluntary.

The defendant relied on the advice of his counsel to his detriment and confessed his crime to government agents in an effort to secure leniency in his state case. But his confession was not coerced or involuntary.

III

For the foregoing reasons, it is **ORDERED** that the defendant's Motion to Suppress is DENIED.

ENTER: December 10, 2008

/s/ JAMES P. JONES
Chief United States District Judge

- 10 -