# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:08CR00040 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRAVIS DELL JONES**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Paul G. Beers, Glenn, Feldmann, Darby & Goodlatte, Roanoke, Virginia, for Defendant.*

The defendant, Travis Dell Jones, moves for reconsideration of his motion to suppress. Specifically, the defendant "respectfully suggests that the Court is required to apply the multifactor test for voluntariness" set forth in 18 U.S.C.A. § 3501(b) (West 2000). (Def.'s Mot. for Recons. ¶ 1.)

The defendant takes issue with the statement in my prior opinion that "§ 3501 was found to be unconstitutional and preempted in *Dickerson v. United States*, 530 U.S. 428 (2000), because it purports to allow the admission of voluntary confessions even where constitutionally required *Miranda* warnings are not given." *United States v. Jones*, No. 1:08CR00040, at 9 (Dec. 10, 2008). To clarify, not all of § 3501 was held unconstitutional in *Dickerson*, but only the portion that would supplant *Miranda*.

The opinion goes on to explain that after *Dickerson*, voluntariness remains "a constitutional requirement for the admission of a confession separate and apart from *Miranda*." *Jones*, No. 1:08CR00040, at 10. The voluntariness standard, "which was codified in § 3501 . . . is a totality of the circumstances test—no one factor is determinative." *Id.* at 9-10; *see Reck v. Pate*, 367 U.S. 433, 440 (1961) ("[A]ll the circumstances attendant upon the confession must be taken into account."); § 3501(b) ("The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession . . . .").

In my previous opinion, I considered the totality of the circumstances, including the five nonexclusive factors set forth in § 3501(b). The defendant's argument had centered around one factor in particular, § 3501(b)(5), which is an evaluation of "whether or not [the] defendant was without the assistance of counsel when questioned and when giving such confession." I concluded that although the defendant's counsel was negligent, considering all of the facts and circumstances, the confession was voluntary.

For these reasons, it is **ORDERED** that the motion for reconsideration (#65) is DENIED.

ENTER: December 12, 2008

/s/ JAMES P. JONES
Chief United States District Judge

- 2 -