CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

APR 16 2015

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:08CR00040 |
| v. ) | OPINION |
| ) | |
| TRAVIS DELL JONES, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant Travis Dell Jones, a federal inmate sentenced by this court, has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the two-level reduction in the drug guideline ranges adopted by Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG") and made retroactive to the defendant's case by USSG § 1B1.10(d). Jones contends that he is eligible for a sentence reduction below the amended guideline range based on his substantial assistance to government authorities. Because Jones' original, below-guidelines sentence was not based on a government-sponsored motion for substantial assistance, and his original sentence is below the minimum of the amended

guideline range, this court has no authority to reduce his sentence. Therefore, the motion for a sentence reduction must be denied.[1]

On February 13, 2009, following his conviction by a jury, I sentenced Jones to a 156-month prison term for conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Pursuant to the USSG, his Total Offense Level was 34, with a Criminal History Category of VI, resulting in an advisory imprisonment range of 262 to 327 months. From this range, I departed downward to a sentence of 156 months, on the grounds that many of Jones' co-conspirators received a lower Base Offense Level because of favorable plea agreements even though they may have distributed a greater quantity of drugs, and because Jones was a marginal member of the overall conspiracy.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the sentencing guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. The drug amendment, designated Amendment 782, generally reduces by two levels the offense levels assigned to the drug quantities described in USSG § 2D1.1. On March 23, 2015, Jones filed a motion to reduce his sentence pursuant to Amendment 782.

---

[1] The United States was afforded an opportunity to respond to Jones' motion, but did not do so.

In this case, the court has discretion over whether to grant a reduction and the extent of any such reduction. USSG § 1B1.10(b)(1). However, § 1B1.10(b)(2) forbids the court from reducing a defendant's sentence to a term of imprisonment less than the minimum of the amended guideline range, unless the defendant originally received a downward departure based on the government's motion to reflect the defendant's substantial assistance to authorities. In cases where the defendant received a government-sponsored motion for substantial assistance, the amendment permits a reduction "comparably less than the amendment guideline range." *Id.* § 1B1.10(b)(2)(B).

In this case, Jones' Total Offense Level would be reduced from 34 to 32 pursuant to Amendment 782. Based on a Criminal History Category of VI, Jones' amended guideline range would be 210 to 262 months — higher than his original sentence of 156 months. Because the bottom of the amended guideline range is higher than Jones' original sentence, § 1B1.10(b)(2) precludes a sentence reduction in this case.

Jones contends he is eligible for a reduction "comparably less" than the minimum of the amended guideline range because his original sentence was based on his substantial assistance to government authorities. However, Jones did not receive a government-sponsored substantial assistance motion, and the plain language of § 1B1.10(b)(2) limits the court's authority to reduce sentences below

3

the amended guideline range to defendants who have received such a motion.[2] Moreover, the court did not base Jones' original sentence on his assistance to authorities, but rather found that the nature and circumstances of the offense and the need to avoid sentencing disparities warranted a below-guidelines sentence. (Sentencing Tr. 24-26, ECF No. 177.) Because "§ 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation," the court has no authority to reduce Jones' sentence below the amended guideline range on these grounds. *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009).

---

[2] Jones contends that the limitations in USSG § 1B1.10(b)(2) should not be enforced. He claims that distinguishing between defendants who provided substantial assistance to authorities based on whether or not they received a government-sponsored motion would be arbitrary and irrational, and thus violate the defendants' equal protection rights under the Fourteenth Amendment. This very distinction, however, is regularly upheld in the sentencing context, on the basis that the government retains the discretion to file a substantial assistance motion absent some unconstitutional motive. *See, e.g., Wade v. United States*, 504 U.S. 181, 185-86 (1992) (holding that court has no authority to depart downward at sentencing under 18 U.S.C. § 3553(e) on basis of substantial assistance absent government-sponsored motion, and may only review government decision for unconstitutional motive); *Harris v. United States*, 629 F. Supp. 2d 563, 565 (N.D.W. Va. 2009) (holding that court cannot grant sentence reduction under Federal Rule of Criminal Procedure 35(a) without government motion for substantial assistance). In any event, it is certainly not irrational to condition the reduction on the government's motion, since the government is most able to determine whether the defendant has assisted it.

For these reasons, the Motion to Reduce Sentence (ECF No. 147) will be DENIED. A separate Order will be entered herewith.

DATED: 4/16/15

_____
United States District Judge