# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08CR00040 |
| v. | ) | **OPINION AND ORDER** |
| **TRAVIS DELL JONES,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, and I will grant the motion.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280

grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted. *Cf. Dillon v. United States*, 560 U.S. 817, 827 (2010) (setting forth procedures for modifying sentences under retroactive guideline amendments). If eligible, a plenary resentencing is not appropriate, since the statute only authorizes the court to impose a "reduced sentence." 2018 FSA § 404(b).

II.

The defendant was indicted in this court on September 24, 2008, and charged with conspiring to possess with the intent to distribute and to distribute 50

grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

On December 16, 2008, a jury found the defendant guilty. According to the Presentence Investigation Report ("PSR"), the defendant was held accountable for approximately 1.41 kilograms of cocaine base. He was determined to have a total offense level of 32 and a criminal history category of VI, yielding a guideline range of 210 to 262 months imprisonment.

On February 12, 2009, the defendant was sentenced under the advisory guidelines to 156 months imprisonment, to be followed by eight years of supervised release. The court varied below the guideline range on the grounds that many of Jones' coconspirators received a lower base offense level because of favorable plea agreements even though they may have distributed a greater quantity of drugs, and because Jones was a marginal member of the overall conspiracy. Sent. Tr. 24–26, ECF No. 117. The Bureau of Prisons calculates his current projected release date to be June 10, 2020. The Probation Office estimates that he has served approximately 125 months of his sentence.

### III.

The United States argues that the defendant is ineligible for a reduction in sentence in light of the drug weight attributed to him at sentencing. The United States contends that because the offense involved at least 1.41 kilograms of

cocaine base, as established by the PSR, it involved a drug quantity over the revised threshold of 280 grams established in the 2010 FSA. The government argues that Jones was thus properly sentenced to 156 months — within the statutory range of 10 years to life under § 841(b)(1)(A). The government contends that the court may rely on the drug weight found in the PSR, despite the principles announced in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it has been held that these principles are not applicable retroactively on collateral review. Alternatively, the government contends that even if Jones is eligible for a reduction below the statutory range set out in § 841(b)(1)(A), the court should not exercise its discretion to do so. It bases this argument in part on the ground that the court should at least take into account the drug weight found in the PSR, to reflect the serious nature of Jones's crime. *See* 18 U.S.C. § 3553(a)(2)(A) (providing that in determining a sentence, the court should consider the need to reflect the seriousness of the offense). Jones contends that the principles announced in *Alleyne* and *Apprendi*, even if held not to be retroactive when seeking collateral relief, are applicable here because § 404(b) is "a new statutory remedy that Congress expressly made retroactive." Reply 6, ECF No. 169.

Pursuant to § 404, a defendant is eligible for reduction if he was convicted of a "covered offense" before the effective date of the 2010 FSA and is not otherwise

excluded by the limitations of § 404(c).[1] Jones was convicted of a covered offense since he was convicted pre-2010 FSA of "a violation of a Federal criminal statute, the statutory penalties for which were modified by [the 2010 FSA]." § 404(a). None of the exclusions of § 404(c) apply to him. Under the 2018 FSA, the quantity of drugs involved in the conviction are not a condition of eligibility, whether such quantity was charged in the indictment, found by a jury, admitted by the defendant, or determined in a presentence investigation report. *See United States v. Boulding,* No. 1:08-cr-65-01, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019).

However, there is another condition relating to any sentence reduction under the 2018 FSA. The reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 2018 FSA § 404(b) (emphasis added). As the parties have recognized, determining the sentence that Jones would have received if sections 2 and 3 of the 2010 FSA were in effect turns on whether I rely

---

[1] Section 404(c) provides as follows:

LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

on the drug weight attributed to him in the PSR or on the weight charged in the Indictment. I join many other district judges in finding that I cannot rely on the drug weight found in the PSR in light of *Apprendi* and *Alleyne*. S*ee, e.g.*, *United States v. Smith*, No. 7:04-CR-0072-4, 2019 WL 2092581 (W.D. Va. May 13, 2019). However, I depart in some ways from the reasoning found in other cases and from that set out by the parties in this case.

The government is correct that neither *Apprendi* nor *Alleyne* are retroactive on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172, at n* (4th Cir. 2013) (unpublished) (noting that *Alleyne* has not been made retroactive on collateral review); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (finding that *Apprendi* is not retroactive on collateral review under the rule set out in *Teague v. Lane*, 489 U.S. 288 (1989)). However, that does not end the analysis. Although a sentence reduction is a form of collateral review, *see Wall v. Kholi*, 562 U.S. 545, 551 (2011), it is not the case that nonretroactivity principles necessarily apply in sentence reductions. Instead, in *Danforth v. Minnesota*, the Supreme Court stated that the rule established in *Teague*, by which courts determine whether new constitutional rules of criminal procedure will apply to cases that have become final before the new rule was announced, "was meant to apply only to federal courts considering habeas corpus petitions challenging state-court criminal convictions." 552 U.S. 264, 279 (2008). Thus, a determination under *Teague* that

a rule is not retroactive on collateral review "speaks only to the context of federal habeas." *Id.* at 281.

Determining whether new constitutional rules apply in the context of sentence reductions when the initial sentence became final before the new rule was announced is an inquiry distinct from that set out in *Teague*. *United States v. Fanfan*, 558 F.3d 105, 108 (1st Cir. 2009). In *Fanfan*, the First Circuit considered 18 U.S.C. § 3582(c)(2), which permits reduction of a sentence of imprisonment where the Sentencing Commission has lowered an advisory sentencing range, provided the reduction "'is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. The court held that determining whether new rules apply to sentence reductions under § 3582(c)(2) "is analytically distinct from the question of retroactivity" set out in *Teague*. *Id*. The Supreme Court's reasoning in *Dillon* supports this approach. In *Dillon*, the Court held that the new rule established in *United States v. Booker*, 543 U.S. 220 (2005) — that treating the Sentencing Guidelines as mandatory violated a defendant's Sixth Amendment right to be tried by a jury and have every element of an offense proved by the government beyond a reasonable doubt — does not apply in sentence reductions under § 3582(c)(2). *Dillon*, 560 U.S. at 828–830. In so holding, the Court did not apply *Teague's* retroactivity rule; rather, it considered the text and scope of § 3582(c)(2). *Id.* at 826.

Although sentence reductions pursuant to the 2018 FSA are based on 18 U.S.C. § 3582(c)(1)(B), providing that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," the Court's analysis in *Dillon* of whether *Booker* applies to sentence reductions under § 3528(c)(2) is nonetheless instructive in this case. In *Dillon*, the Court held that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." 560 U.S. at 828. The Court reasoned that this right is not implicated because § 3582(c)(2) confines the extent of the sentence reductions it authorizes — it requires the court to take the defendant's original sentence as a given and reduce it by substituting only the Sentencing Guidelines amendment that gave rise to the reduction proceeding. *Id.* at 827–28. The Court found that "[t]aking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range," which is permissible under *Apprendi*. *Id.* at 828–29; *see also Fanfan*, 558 F.3d at 110 ("Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by the facts established by a plea of guilty or a jury verdict.") (internal quotation marks and citations omitted).

The same is not true for sentence reductions pursuant to the 2018 FSA. Section 3582(c)(1)(B) does not establish procedures like those in § 3582(c)(2) that narrow the scope of the sentence reduction. Instead, because statutory minimum and maximum sentences under the 2010 FSA are keyed to drug weight, it is that fact that confines the extent of any sentence reduction in the first instance. Thus, relying on the drug weight attributed to defendants in their PSRs, rather than that charged in the indictment, affects more than the judge's discretion within a prescribed statutory range — it determines the prescribed range, and it may raise a defendant's sentence beyond the level otherwise justified by a guilty plea or jury verdict on the drug weight charged in the indictment. Therefore, it triggers the collective requirement of *Apprendi* and *Alleyne* that facts that increase the penalty for a crime beyond the prescribed statutory maximums and minimums be charged in the indictment. Accordingly, because the drug weight attributed to Jones in the PSR was not charged in his Indictment, I will not rely on it in determining his eligibility.

Thus, under the 2018 FSA, the defendant's new statutory sentencing range is five-to-40 years imprisonment and at least four years supervised release. 21 U.S.C. § 841(b)(1)(B).

IV.

Jones seeks a reduced sentence of 104 months imprisonment or time served, below his guideline range of 210 to 262 months. However, the government argues that a reduction below Jones's present sentence of 156 months is not warranted because his current sentence is already below the guideline range.

Because Jones is eligible for sentence reduction, and in accord with 18 U.S.C. § 3553(a), I agree with the government that I should consider Jones' offense conduct, as well as any post-conviction rehabilitation or lack thereof, in determining whether or not to reduce a sentence and the extent of any such reduction. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence [to possess] the fullest information possible concerning the defendant's life and characteristics") (internal quotation marks, citation and alterations omitted).

I have carefully reviewed Jones's PSR, which includes his criminal history and his offense conduct. While as I have previously held, Jones had a marginal involvement in the drug trafficking conspiracy, he has a consistent history of criminal conduct as a young man, including assault with a firearm, in which he shot another person in the back, and for which he received a lengthy state prison sentence. PSR ¶ 364, ECF No. 163.

I have also considered the reports of his behavior while in federal prison. He has received his GED, and appears to have had no recent disciplinary history. In connection with an earlier motion by the defendant in 2015, his prison counselor wrote:

> Inmate Travis Jones . . . has been on my caseload since December 12, 2012. Inmate Jones has done everything we have asked him to do. His progress report explains in detail. We have had no problems with him and he has had no incident reports.

Fairley Letter, Mar. 23, 2015, ECF No. 149-2. Jones is now confined in a low security prison, FCI Oakdale I. Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited July 15, 2019). He is now 42 years old. *Id*.

Considering all of these facts, I find it appropriate to exercise my discretion and reduce Lee's sentence to time served.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018, ECF No. 162, is GRANTED;

2. Defendant Travis Dell Jones's sentence is reduced to TIME SERVED;

3. Upon release from imprisonment, the defendant must serve a term of supervised release of four years;

4. The sentencing judgment in this case otherwise remains the same;

5. This order is STAYED for a period of 10 days to allow processing of the inmate's release; and

6. The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prisons forthwith.

        ENTER: July 15, 2019

        /s/ *James P. Jones*
        United States District Judge